**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**JOHN CUMMINGS**                                                        **PETITIONER**
**ADC # 79209**

**V.**                             **CASE NO. 5:12CV00378 KGB/BD**

**RAY HOBBS, Director,**                                              **RESPONDENT**
**Arkansas Department of Correction**


**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge Kristine G. Baker.  Mr. Cummings - or any party - may file written

objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.  Introduction

On October 3, 2012, Petitioner John Fitzgerald Cummings filed the pending 28

U.S.C. § 2254 petition for writ of habeas corpus raising claims of ineffective assistance of

counsel.  (Docket entry #2)  Respondent Ray Hobbs filed a response denying that Mr.

Cummings is entitled to habeas relief.  (#6)  Mr. Cummings filed a reply to the response.

(#7)  For the following reasons, Mr. Cummings's petition for writ of habeas corpus

should be DENIED, with prejudice.

## III.  Background

On April 18, 2008, the State of Arkansas charged Mr. Cummings with murder in

the first degree and aggravated assault. (#6-1 at p. 1)  On September 8, 2008, Mr.

Cummings entered a negotiated plea of *nolo contendre* in the Pulaski County Circuit

Court.[1]  The same day, the circuit court sentenced Mr. Cummings to 28 years in the

Arkansas Department of Correction as a habitual offender. (#6-1 at p. 5)

---

[1] The judgment-and-commitment order lists a date of July 21, 2008.  (#6-1, at p. 5)
This appears to be a typographical error.  Both the trial judge and the court clerk signed
the judgment-and-commitment order on September 8, 2008. (#6-1, at p. 7)  The clerk
filed the judgment-and-commitment order on September 16, 2008. (#6-1, at p. 5)

Under the plea agreement, the State dismissed the aggravated assault charge and did not seek a firearm enhancement on the remaining charge of first-degree murder.  (#6-1 at p. 6)  Noting that Mr. Cummings had been convicted of first-degree battery in 1982 and robbery in 1996, the judgment-and-commitment order specified that Mr. Cummings's 28-year sentence was to be "flat time pursuant to 16-93-609(b)(1)" with "no parole eligibility."  (#6-1 at pp. 5-6)  Mr. Cummings also signed a plea statement on September 8, 2008, acknowledging that his recommended sentence would be 28 years' imprisonment.  (#6-1 at pp. 3-4)  The plea statement did not mention parole eligibility.

On November 21, 2008, Mr. Cummings timely filed a *pro se* Rule 37 petition for post-conviction relief with the Pulaski County Circuit Court.  In the petition, Mr. Cummings alleged that his appointed defense counsel provided ineffective assistance by negotiating a guilty plea under "false pretenses."  (#6-2 at p. 8)  Mr. Cummings alleged that the plea that his counsel negotiated did not match the sentence meted out by the trial court.  (#6-2 at p. 8)  Mr. Cummings alleged that he was led to believe that he would receive 28 years with no enhancement, meaning he would be eligible for parole.  When the plea was presented to the circuit court, however, it was 28 years flat time, with no parole eligibility.  (#6-2 at p. 8)  Mr. Cummings acknowledged that the circuit court pronounced a 28 year "flat time" sentence during the plea colloquy, and that he did not contest the sentence at that time.  (#6-2 at p. 8)  He asserted that he did not speak up

because he feared it would be inappropriate and assumed his counsel would correct it.
(#6-2 at p. 8)

On February 10, 2009, the trial court held a hearing at which Mr. Cummings asserted his claim that his counsel was ineffective for failing to advise him of his parole-eligibility status.  The trial court denied Mr. Cummings's Rule 37 petition, first from the bench (#6-2 at pp. 26-47), then later in a written order filed August 7, 2009.  (#6-2 at pp. 15-19)  Mr. Cummings appealed the denial of his petition to the Arkansas Supreme Court. On October 6, 2011, the Arkansas Supreme Court affirmed the circuit court's denial of Mr. Cummings's Rule 37 petition.  *Cummings v. State*, 2011 Ark. 410.

In the pending petition, Mr. Cummings raises the same ineffective-assistance-of-counsel claim he raised with the State courts.  (#2, at pp. 8-14; #7, at pp. 4-6) He also claims that he was denied a right to counsel in his post-conviction proceedings.  (#2, at pp. 5-8; #7, at pp. 1-3)

## IV.   Discussion

### A.   *Standard of Review*

Federal courts provide limited review of claims adjudicated in state court.  "When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the

4

facts in light of the evidence presented in the State court proceeding." *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is contrary to federal law only where the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is an unreasonable application of federal law only "if the state court identifies the correct governing legal principle from the [United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. It is not enough that a federal court might have applied federal law in a manner different from the state court. Rather, the state court's application must have been objectively unreasonable. *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

Furthermore, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error. Those findings may be set aside only if they are not fairly supported by the record. *Nicklasson v. Roper*, 491 F.3d 830, 841 (8th Cir. 2007) (quoting *Purkett v. Elem*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995)).

B.    *Ineffective Assistance of Counsel*

The Sixth Amendment guarantees criminal defendants effective assistance of counsel at every stage of a criminal trial.  The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Lockhart v. Fretwell*, 506 U.S. 364, 368, 113 S. Ct. 838, 842 (1993) (quoting *Strickland v. Washington*, 466 U.S. 668, 684 (1984)).  "[T]he right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial." *Id* (quoting *U.S. v. Cronic*, 466 U.S. 648, 658 (1984)).

A criminal defendant's right to the effective assistance of counsel "is denied when defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689); see also *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006).

A defendant's Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) (citing *Missouri v. Frye*, 132 S. Ct. 1399 (2012)).  During plea negotiations, defendants are "entitled to the effective

assistance of competent counsel." *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

In *Hill v. Lockhart*, the Supreme Court held that the two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985). To establish an ineffective assistance of counsel claim in the guilty plea context, a defendant must show that counsel's performance was deficient under the *Strickland* standard. The first part of the test requires the defendant to show that the counsel's representation was not within the range of competence demanded of attorneys in criminal cases. In order to satisfy the second or "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* at 59. In this case, Mr. Cummings has failed to show either deficient performance or resulting prejudice.

Mr. Cummings alleges that "his trial counsel was Constitutionally deficient in not advising him that he would have to serve 100% of his sentence." (#2 at p. 8) Mr. Cummings also alleges that his trial counsel "co-mingled misinformation (you are receiving a sentence with no enhancement), with no advice (on the so-called 100% law), allowing him to enter a plea under the pretense that his sentence would not be enhanced." (#2 at p. 9)

At Mr. Cummings's Rule 37 hearing, Mr. Cummings testified that "[his] lawyer told [him] one thing, 28 years on a Y, no enhance, [but] the prosecuting attorney said 28 flat and [his] lawyer didn't object to it."  He further testified that his lawyer "never told [him] 28 flat."  (#6 at p. 5)

 Mr. Cummings's counsel testified that "the terms of the negotiated plea was that Count 2, would be nolle prossed or dismissed, the felony gun enhancement would be nolle prossed or dismissed in exchange for a guilty plea to Count 1, which was murder in the first degree, 28 years."  (#6 at p. 5)  Counsel also testified that he discussed the range of punishment with Mr. Cummings and "explained to him that first degree murder is punishable under the statute by 10 to 40 years or life in prison, it is a 70 percent crime. Normally someone with no record would only have to do about 70 percent of their time, but that time can be affected by their record, what they have done previously."  (#6 at p. 5)  Mr. Cummings's counsel testified that he knew Mr. Cummings had a prior offense for battery in the first degree and that he knew under the statute it was considered a violent offense.  (#6 at pp. 5-6)  He further testified that he told Mr. Cummings that he "did not know how that would affect his time."  He also told him that there was a "possibility that he would have to do the whole time but that is going to be something that the Arkansas Department of Corrections is going to have to determine, but that battery first degree charge could affect what he received."  (#6 at p. 6)

The Rule 37 hearing transcript suggests it is a close question whether Mr. Cummings's counsel's performance "was so deficient that it fell below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney." Clearly, counsel should have explained to Mr. Cummings that, due to his previous violent felony convictions, Mr. Cummings would have to serve 100 percent of his sentence. Minimal research by counsel would have made this apparent. See *Garmon v. Lockhart*, 938 F.2d 120, 121-122 (8th Cir. 1991) (federal court deferred to state court finding that erroneous parole advice fell below professional standard where minimal research would have alerted counsel to the correct parole eligibility date). But this Court cannot evaluate counsel's performance in a vacuum.

The Arkansas Supreme Court found that counsel's performance was constitutionally sufficient. *Cummings v. State*, 2011 Ark. 410. The question for this Court is not whether it agrees with the State court's determinations. The question is whether the Arkansas Supreme Court's decision was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court.

The United States Supreme Court has "never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary." *Hill*, 474 U.S. at 56, 106 S. Ct. at 369. The Eighth Circuit has held that counsel is not constitutionally

ineffective during the plea process even if counsel fails to advise a defendant about new parole eligibility rules. *Buchheit v. Norris*, 459 F.3d 849 (8th Cir. 2006).

Mr. Cummings has the burden of showing that the Arkansas Supreme Court's decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. To make this showing, Mr. Cummings relies on *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473 (2010).

In *Padilla*, the Supreme Court found that counsel provided ineffective assistance by failing to advise Mr. Padilla that his guilty plea would result in deportation. *Padilla*, 130 S.Ct. at 1483. Mr. Cummings argues that the logic in *Padilla* extends to the case at hand. (#2, at p. 12) Putting aside the fact that deportation and parole eligibility are materially distinguishable, Mr. Cummings cannot benefit from *Padilla*.

Mr. Cummings entered his plea and received his sentence in September, 2008. He did not appeal his sentence. The Supreme Court decided *Padilla* on March 31, 2010, well after Mr. Cummings's conviction became final.[2] The Supreme Court announced a new rule in *Padilla*, meaning defendants whose convictions became final prior to *Padilla* could not benefit from its holding. *Chaidez v. United States*, 133 S. Ct. 1103, 1113

---

[2] Mr. Cummings's *post*-conviction proceedings in the State courts ended on October 6, 2011, when the Arkansas Supreme Court affirmed the circuit court's denial of Mr. Cummings's Rule 37 petition. *Cummings v. State*, 2011 Ark. 410. By the time the Supreme Court decided *Padilla*, however, the time for Mr. Cummings to seek direct review of his conviction and sentence had long passed.

(2013).  Without the benefit of *Padilla*, Mr. Cummings has failed to show deficient

performance by his counsel.

Even if Mr. Cummings could satisfy the first prong of the *Stickland* test, he has

failed to satisfy the second (prejudice) prong of the *Stickland* test.  To show prejudice,

Mr. Cummings must show that there is a reasonable probability that, but for his counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial.

Mr. Cummings asserts in his habeas petition that, had he known he would have to

serve 100% of his 28 year sentence, he would have insisted on going to trial.  He points to

nothing in the record, however, to support this assertion.  Mr. Cummings's counsel told

him that serving the entire sentence was a possibility.  See *Buchheit v. Norris*, 459 F.3d

849, 853 (8th Cir. 2006)(no showing of prejudice when petitioner pleaded guilty after

attorney advised him to be prepared to serve the entire sentence for committing a "70

percent" crime).

Mr. Cummings's after-the-fact assertion that he would have insisted on going to

trial is insufficient to show prejudice.  (#2 at p. 9)  The trial court told Mr. Cummings

clearly, at the time of sentencing, that his sentence would be flat, with no parole

eligibility.  With this knowledge, Mr. Cummings still did not say anything, did not request

to withdraw his plea, and did not insist on going to trial.  Although Mr. Cummings alleges

he thought his counsel would "fix it," he did nothing when it should have been apparent

during the hearing that his counsel was not "fixing it."

None of the plea statement documents promise parole eligibility.  (#6-1, at pp. 3-4)
Counsel never assured Mr. Cummings that he would be eligible for parole after serving
70 percent of his sentence.  (#6-2, at pp. 45-46)

The Arkansas Supreme Court reasonably addressed Mr. Cummings ineffective-
assistance-of-counsel claims in applying the standard set forth in *Strickland* and *Hill.
Cummings v. State*, 2011 Ark. 410.   Mr. Cummings has not shown the Arkansas Supreme
Court's decision to be contrary to, or an unreasonable application of, clearly established
federal law.

C.     *Counsel During Post-conviction Proceedings*

Mr. Cummings claims a right to counsel in his post-conviction proceedings.  (#2,
at pp. 5-8; #7, at pp. 1-3)  The Supreme Court has not recognized a right to post-
conviction counsel under the United States Constitution.  See *Martinez v. Ryan*, __ U.S.
__, 132 S.Ct. 1309, 1315 (2012).  Ineffective assistance of counsel at "initial-review"
post-conviction proceedings may establish cause for a petitioner's procedural default of a
claim of ineffective assistance at trial.  *Id*.  Procedural default, however, is not an issue in
this case.

There is no constitutional right to effective assistance of counsel in collateral,
post-conviction, state-court proceedings.  *Wooten v. Norris*, 578 F.3d 767, 778 (8th Cir.
2009)(citing *Coleman v. Thompson*, 501 U.S. 722, 754, 111 S.Ct. 2546 (1991)).
Accordingly, this claim fails.

**V.**     **Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a

certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the

United States District Court.  The Court can issue a certificate of appealability only if Mr.

Cummings has made a substantial showing that he was denied a constitutional right.  28

U.S.C. § 2253(c)(1)-(2).  In this case, Mr. Cummings has not provided a basis for issuing

a certificate of appealability.  Accordingly, a certificate of appealability should be denied.

**VI.**     **Conclusion**

The Court recommends that Mr. Cummings's petition for writ of habeas corpus be

dismissed, with prejudice.  The Court further recommends that no certificate of

appealability be issued.

DATED this 17th day of April, 2013.

_____

UNITED STATES MAGISTRATE JUDGE